IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN C. HOUSTON, III,  )<br>)<br>Plaintiff,  )<br>)<br>v.  )<br>)<br>FEDERAL HOME LOAN MORTGAGE  )<br>CORPORATION; MORTGAGE ELECTRONIC  )<br>REGISTRATION SERVICES, a Delaware  )<br>corporation; AURORA LOAN SERVICES,  )<br>LLC., a Delaware limited liability  )<br>company,  )<br>)<br>Defendants.  )<br>_____ ) | 2:09-cv-02518-GEB-KJM<br><br>ORDER DENYING APPLICATION<br>FOR A TEMPORARY RESTRAINING<br>ORDER |

On September 9, 2009, Plaintiff filed an application for a temporary restraining order ("TRO"), in which Plaintiff states a TRO is necessary to prevent the sale of his home and his eviction from his home. (Plaintiff's Application for a TRO at 2). However, Plaintiff's application does present sufficient facts to justify an expedited briefing schedule and the extraordinary remedy of a TRO. A TRO should only be sought when facts establish Plaintiff cannot wait until he duly notices for hearing a motion for a preliminary injunction.

Further, Local Rule 65-231 (c) prescribes in pertinent part that a request for a TRO is to be supported by "a brief on all relevant legal issues presented by the motion," and "an affidavit in support of the existence of an irreparable injury." Plaintiff's application contains conclusory arguments and assertions, which fail to show he will experience irreparable harm before he could be heard on a duly noticed request for a preliminary injunction. Plaintiff's request lacks sufficient factual information on the sale at issue, on the merits of his claims, and on whether the balance of equities tip in his favor. <u>Winter v. Natural Res. Def. Council, Inc.</u>, 129 S.Ct 365, 374 (2008)( "A plaintiff seeking a[n] . . . injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest.").

Further, Local Rule 65-231(c) states "[n]o hearing on a temporary restraining order will normally be set unless . . . an affidavit detailing the notice or efforts to effect notice to the affected parties or counsel or showing good cause why notice should not be given . . . ." No such affidavit has been filed.

Therefore, Plaintiff's application for a TRO is denied.

Dated: September 10, 2009

_____
GARLAND E. BURRELL, JR.
United States District Judge